NUMBER 13-01-019-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 

RICHARD JOHNSON, Appellant,

v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 159th District Court of Angelina County, Texas.

 
O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Baird (1)

Opinion by Justice Baird


 Appellant was charged by indictment with the felony offense of escape. Three prior felony convictions were alleged for
enhancement purposes. A jury convicted appellant of the charged offense, found the enhancement allegations true and
assessed punishment at ninety-nine years confinement in the Texas Department of Criminal Justice--Institutional Division.
Appellant raises two points of error. We affirm.

I. Sufficiency of the Evidence.

 The first point of error contends the evidence is legally and factually insufficient to support the jury's verdict. When we
are asked to determine whether the evidence is legally sufficient to sustain a conviction we employ the standard of Jackson
v. Virginia and ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979). Under a
factual sufficiency review, we employ a separate and distinct standard of appellate review. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). Instead of viewing the evidence in the light most favorable to the verdict, the evidence is viewed
in a neutral light, favoring neither party. Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this neutral
light, "the appellate court reviews the fact finder's weighing of the evidence and is authorized to disagree with the fact
finder's determination." Id.at 133. However, this review must employ the appropriate level of deference to prevent the
appellate court from substituting its judgment for that of the fact finder. See Johnson, 23 S.W.3d at 7. This level of
deference must be proportionate with the facts that can be accurately gleaned from the trial record. Id. at 8. Consequently,
a factual sufficiency analysis can consider only those matters bearing on credibility that can be fully determined from a cold
appellate record. Id. (citing George E. Dix & Robert O. Dawson, 42 Texas Practice--Criminal Practice and Procedure §
36.69 (Supp. 1999)). We consider and weigh all the evidence and set aside the verdict if we conclude the evidence is
insufficient or if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust,
regardless of whether the record contains some evidence of probative force in support of the verdict. See Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex.1986). Under this standard, if the complaining party is attacking the factual
sufficiency of an adverse finding on an issue to which he did not have the burden of proof, he must demonstrate that there
is insufficient evidence to support the adverse finding. Johnson, 23 S.W.3d at 7.

 The record evidence reveals the following. On August 15, 2000, appellant was convicted of the offense of burglary of a
habitation and sentenced to thirty years confinement in the Texas Department of Criminal Justice--Institutional Division.
He was then incarcerated in the Angelina County jail awaiting transfer to prison where he would serve his sentence. That
evening, appellant attended a GED class. Thereafter, a notebook identified as appellant's was found in the recreation yard.
A pipe was found in the same yard adjacent to a fence that had been pried. Clothing identified as appellant's was found
outside the fenced area. A sweep of the jail population revealed that appellant was no longer in confinement. Appellant
was subsequently arrested while asleep at his sister's house in Cherokee County. The State's witnesses testified appellant's
departure was not authorized.

 Appellant testified that he had been escorted to the dress-out room where he dressed in civilian clothes. He was then taken
to the door of the jail and voluntarily released into the civilian population. Appellant stated he did not seek an explanation
for his release, but rather proceeded to his home where he was reacquainted with his wife. Later, he traveled to Cherokee
County to visit with his sister. He was arrested while asleep in his sister's home.

 When this evidence is viewed in the light most favorable to the jury's verdict, we hold a rational jury could have found the
essential elements of escape were proven beyond a reasonable doubt. Jackson, 443 U.S. at 319. Therefore, we find the
evidence legally sufficient to support the jury's verdict.

 When this evidence is viewed in a neutral light, the question boils down to one of credibility. As noted above, the degree
of deference we must provide to the jury must be proportionate with the facts we can accurately glean from the
record.Johnson, 23 S.W.3d at 8. When the record evidence is reviewed, we find on one side the testimony of several law
enforcement officials which convincingly proves the offense of escape. This testimony is supported by demonstrative
evidence in the form of photographs, clothing, and a pipe used to pry an opening in the fence surrounding the Angelina
County jail. On the other side, we have the testimony of appellant that he was voluntarily released from confinement. This
testimony was impeached with several prior felony convictions. Additionally, appellant had recently been convicted of
another felony offense, burglary of a habitation, and sentenced to thirty years confinement. Appellant was described as
distraught following this last conviction. What is not in dispute is the fact that appellant was apprehended in another
county. The jury, by its verdict, settled this credibility question against appellant. This is not a case where the issue of
credibility can be fully determined from the appellate record. Id. Therefore, our level of deference to the jury must be high.
Under this standard, we do not find the jury's verdict to be so against the great weight and preponderance of the evidence as
to be manifestly unjust. Id. The first point of error is overruled.

II. Continuance.

 The second point of error contends the trial court erred in overruling appellant's motion for continuance. The record
reflects that after the State rested its case-in-chief, appellant orally moved for a continuance. In support of the motion,
defense counsel stated that he had just learned from appellant of two witnesses, and because of that recently acquired
knowledge requested a continuance in order to secure their presence. The trial court overruled the motion.

 Article 29.03 of the Code of Criminal Procedure requires all motions for continuance be in writing. Tex. Code Crim. Proc.
Ann. art. 29.03 (Vernon 1989). Because of this statutory requirement, the trial court does not abuse its discretion in
overruling an oral motion for continuance. Smith v. State, 676 S.W.2d 379, 385 (Tex. Crim. App. 1984), cert. denied, 471
U.S. 1061 (1985). In the instant case, the motion was oral and not reduced to writing. Hence, the trial court did not abuse
its discretion in overruling the motion. Strickland v. State, 815 S.W.2d 309, 313 (Tex. App.-Tyler 1991, no pet.).
Therefore, the second point of error is overruled.

 The judgment of the trial court is affirmed.









_____________________________

CHARLES F. BAIRD,

Justice









Do Not Publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed 

this the 27th day of September, 2001.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).